U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 2 9 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PROFESSIONAL FLUID SERVICES, LLC | CIVIL ACTION 15-2129 |
| VERSUS | JUDGE HAIK |
| NORSK BRONNSERVICE AS AND NBS SOLUTIONS AS | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Remand filed by Professional Fluid Services, LLC (Doc. #5). After full consideration of the evidence and filings of counsel, the motion is **GRANTED** for the following reasons:

This matter arises from a contract dispute between Professional Fluid Service, LLC (Professional Fluid) and Norsk Bronnswervice AS and NBS Solutions AS (Norsk and NBS). It was originally filed in the 15th Judicial District Court and removed by defendants citing diversity under 28 USC section 1441(b).

The two contracts at issue both contain a "Jurisdiction and Venue and Choice of Law" provision which states, "Any and all lawsuits filed regarding this agreement shall be filed in the Fifteenth Judicial District, Parish of Lafayette, State of Louisiana...". The clause is printed in all caps in both contracts and initialed by both parties, albeit one signature, on one contract, is in dispute.

Professional Fluid argues that the contracts and clause result in a waiver of the right to removal by Norsk and NBS as they agreed to the exclusive jurisdiction of the 15th JDC. Professional Fluids further argues the Fifth Circuit has held forum selection clauses will prevent

a party from exercising its right to removal only when the clause gives a clear and unequivocal waiver of that right. *City of New Orleans v. Mun. Admin. Serv., Inc.,* 376 F.3d. 501. In this case, the clause meets that standard and should be upheld.

Norsk and NBS agree the Fifth Circuit has held a waiver of federal jurisdiction in a contract must be "clear and unequivocal", but the language in the contracts at issue do not meet the burden. In *Alliance Health Group, LLC v. Bridging Health Options,* 553 F.3d. 397 (5th C., 2008), a case involving "nearly identical language", the Fifth Circuit held the waiver was not clear and unequivocal enough to meet the burden. In that case, the contract called for "...exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi." The Fifth Circuit noted, "...the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county." Here, the forum selection clause first defines the designated area as the three parish wide "Fifteenth Judicial District" and then narrows it to the "Parish of Lafayette". Significantly, argues defendants, the word "court" is not used. A plain reading shows only that the contract calls for the case to be in the Fifteenth Judicial District, Parish of Lafayette, not specifically in state court. This case, says defendants, is analogous to those cases determined by the Fifth Circuit where a specific county only was named.

Further, argues defendants, plaintiff's state court petition is captioned with the word "court" included, making it different from the contract language. Defendants contend, only if there were no federal courthouse in the designated area would the language be valid. Under the circumstances, it is ambiguous and the motion to remand should be denied. As it is, a map plainly shows the federal courthouse lies within the contract language.

A plain reading of the language contained in the contracts at issue in this case shows it can be distinguished from the language the Fifth Circuit interpreted in *Alliance Health Group, LLC v. Bridging Health Options*. In that case, the language was very broad, requiring only that suit be brought in "Harrison County, Mississippi". That language has no limitations except that suit must be somewhere in that county. In our case, the language refers directly to the "Fifteenth Judicial District, Parish of Lafayette, State of Louisiana." Whether the courthouses are within close physical proximity or not, the United States District Court for the Western District of Louisiana does not fall within the "Fifteenth Judicial District, Parish of Lafayette, State of Louisiana." With or without the word "court", it is clear the parties contracted to a state court venue.

**As such, the Motion to Remand is GRANTED and this matter is hereby remanded to the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana.**

THUS DONE and SIGNED on this 28th day of December, 2015.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE